IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL C. MCCLAIN,

    Petitioner,

v.                                  CASE NO. 4:16-cv-314-WS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the sentence imposed from his 1976 state court conviction for second degree murder, use of a firearm during the commission of a felony, and aggravated assault. (ECF No. 1.) Although Petitioner filed his petition on a § 2241 petition, his request was for the type of relief afforded by 28 U.S.C. § 2254, which provides,

> [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

"A federal court may recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. United States Dist. Court*, 523 F. App'x 691, 695 (11th Cir. 2013) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)). Accordingly, the Court recharacterized his petition as one under § 2254 because there was no question that Petitioner is in custody pursuant to the judgment of a state court. (ECF No. 5.)

A review of PACER, however, revealed that Petitioner previously filed a § 2254 petition challenging the same conviction.[1] That petition was dismissed as untimely on June 12, 2015, and a certificate of appealability was denied.

In order to file a second or successive § 2254 petition, however, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as

---

[1] *McClain v. Sec'y, Fla. Dep't of Corr.*, Case No. 4:14cv143-RH/CAS (N.D. Fla. June 13, 2015).

untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). The Court therefore ordered Petitioner to show that he has obtained an order from the Eleventh Circuit authorizing this Court to consider his petition. (ECF No. 5.)

Petitioner subsequently filed an amended petition pursuant to § 2241 on July 27, 2016. (ECF No. 6.) The amended petition, however, merely amended the grounds and supporting facts. (ECF No. 7.) The amended petition presents the following three grounds for relief: (1) Petitioner's 10-year consecutive sentence imposed for his use of a firearm conviction is illegal because it exceeds the statutory maximum sentence authorized by law and should, therefore, be vacated; (2) Petitioner's 3-year minimum mandatory sentences imposed consecutively for each of his convictions in counts three, four, and five, are illegal because they exceed the statutory maximum authorized by law and should, therefore, be vacated; and (3) Petitioner's 3-year minimum mandatory sentences that he received for counts one, three, four, and five pursuant to Florida's minimum mandatory sentencing provision are illegal and should, therefore, be vacated. (*Id.*)

Petitioner also filed a response to the Court's order to show cause, in which he argued he should be given an opportunity to amend his § 2241 petition instead of having the Court treat it as a successive § 2254 petition. (ECF No. 6.) He asserted that because his Petition challenges the state court's execution of his sentence, that it is properly characterized as one under § 2241. (*Id.*)

The Court subsequently explained that although Petitioner asserts he may challenge his sentence via § 2241, he is misguided. (ECF No. 9.)

> A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoner. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Where, as here, a petitioner is challenging the validity of a sentence and the petitioner is a state prisoner in custody pursuant to the judgment of a state court, the proper avenue for relief is § 2254. *Cook v. Baker*, 139 F. App'x 167, 169

(11th Cir. 2005); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *cf. Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.").

The Court further explained that because Petitioner is a state prisoner challenging the validity of his sentence, the only avenue for relief is § 2254. (ECF No. 9.) But, Petitioner already sought relief via § 2254 for the same conviction. The Court, therefore, provided one final opportunity for Petitioner to show that he has obtained an order from the Eleventh Circuit authorizing this Court to consider his petition. (*Id.*)

Petitioner has responded, arguing that he does not need authorization from the Eleventh Circuit. He asserts that because his first § 2254 petition was dismissed as untimely, there was no judgment on the merits of his claims. (ECF No. 10.) He also argues that his amended petition is timely before this Court. (*Id.*)

Despite Petitioner's assertion, the dismissal of his first § 2254 petition as untimely constitutes an adjudication on the merits for the purposes of invoking the second or successive petition requirements of §

2244(b)(3). *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain an order from the appellate court prior to filing a second or successive § 2254 petitioner after the first § 2254 petition was dismissed as untimely); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjuidcation on the merits that renders future petitions under § 2254 challenging the save conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (a previous § 2254 petition dismissed as untimely constitutes an adjudication on the merits because a statute of limitations bar operates as an irremediable defect barring consideration of the substantive claims).

Petitioner's reliance on *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), is unavailing. *Stewart* does not permit Petitioner to file a second or successive petition despite his prior untimely petition. Instead, *Stewart* stands for the proposition that a claim previously dismissed without prejudice by the district court as premature is not considered a second or successive application under the AEDPA. *Id.* at 639. Petitioner's first § 2254 petitioner was not, however, dismissed without prejudice as

premature. Accordingly, *Stewart* has no bearing on Petitioner's instant petition.

Furthermore, the Court need not address Petitioner's argument that his amended petition is timely before this Court.[2] It is irrelevant whether the instant petition is timely because Petitioner has not shown that he has obtained authorization from the Eleventh Circuit to file a second or successive petition based on his 1976 state conviction. *See* § 2244(b)(3).

The dismissal of Petitioner's prior § 2254 operated as an adjudication on the merits, thereby requiring him to obtain authorization from the Eleventh Circuit prior to filing his case in this Court. Petitioner, however, has not demonstrated that he has obtained the requisite authorization before filing this case. Accordingly, this Court lacks authority to consider his petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 7, construed as a petition for writ of habeas corpus pursuant to 28

---

[2] Petitioner argues that his amended petition is timely because he filed his § 2241 petition within one year after the highest state court rejected his appeal. (ECF No. 10 at 22–3.) Petitioner also argues that because he was unaware of the facts upon which his claims are based until a prison law clerk discovered Petitioner's sentencing errors, he is permitted to file his petition after the one-year period has expired. (*Id.* at 3–4.)

U.S.C. § 2254, should be **DISMISSED**.

**IN CHAMBERS** this 19th day of March 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.